IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:17-cv-193-J-25JBT

DANA CHAPMAN, an individual,

   Plaintiff,

vs.                                                              **CLASS ACTION**

McCABE LAW GROUP, P.A., a
Florida professional association,

   Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Dana Chapman, an individual, on behalf of herself and all others similarly situated, sues Defendant, McCabe Law Group, P.A., a Florida professional association, and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Dana Chapman ("Ms. Chapman"), is *sui juris* and a resident of Polk County, Florida.

4. At all times material hereto, Defendant, McCabe Law Group, P.A. ("Collection Law Firm"), was a Florida professional association, doing business in Duval County, Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Duval County, Florida.

## IV. FACTUAL ALLEGATIONS

6. For an extended period of time, Defendant acted as collection attorneys for various condominium and homeowner associations in the State of Florida, including but not necessarily limited to Association of Poinciana Villages, Inc. (the "Poinciana Villages Association").

7. In the course of its representation of the various condominium and homeowners associations, Defendant regularly collected or attempted to collect monies from consumers for delinquent condominium and homeowner association fees and assessments ("Association Fees").

8. On or about August 17, 2016, Defendant sent or caused to be sent to Ms. Chapman written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Association Fees purportedly

owed by Ms. Chapman to the Poinciana Villages Association ("Initial Collection Communication").

9. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

## V. DEFENDANT'S PRACTICES

10. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

## VI. CLASS ACTION ALLEGATIONS

11. This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

12. Plaintiff alleges on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

13. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The

common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA by failing to provide a validation notice which complied with the requirements of 15 U.S.C. §1692g.

14. Ms. Chapman's claim is typical of those of the class members. All are based on the same facts and legal theories.

15. Ms. Chapman will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

16. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

18. Ms. Chapman requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. ALLEGATIONS OF LAW

19. At all times material hereto, Ms. Chapman was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

20. At all times material hereto, the Poinciana Villages Association and the various other homeowners and condominium associations represented by Defendant were a "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

21. At all times material hereto, the Association Fees purportedly owed to the Poinciana Villages Association and the various other homeowners and condominium associations represented by Defendant were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

22. At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

23. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (1) The amount of the debt;
>
> (2) The name of the creditor to whom the debt is owed;
>
> (3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the

5

debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. The conduct of Defendant violated the FDCPA, 15 U.S.C. §1692, *et sequi*, including but not limited to the failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g. In particular, the Defendant failed to provide a "disclosure of the amount of the debt" as mandated by 15 U.S.C. §1692g(a)(1).

25. As a result of Defendant's conduct, Plaintiff and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA. Accordingly, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

26. Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Dana Chapman, an individual, on behalf of herself and all others similarly situated, requests judgment be entered in her favor and in favor of the class against Defendant, McCabe Law Group, P.A., a Florida professional association:

A.   Declaratory judgment that Defendant's Exhibit "A" violates the FDCPA;

B.   Statutory damages pursuant to 15 U.S.C. §1692k;

C.   An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.   Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, Dana Chapman, an individual, on behalf of herself and all others similarly situated, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this __11__ day of February, 2017.

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com

*Counsel for Plaintiff*