UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANA CHAPMAN, an individual,

    Plaintiff,                                           **Case No.: 3:17-cv-193-HLA-JBT**

v.

MCCABE LAW GROUP, P.A., a                 **CLASS ACTION**
Florida professional association,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Defendant MCCABE LAW GROUP, P.A. ("MCCABE"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c), and hereby files this Motion for Judgment on the Pleadings, and states the following in support thereof:

**I.**     **Background / Procedural History.**

Plaintiff brings this class action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1, generally. Plaintiff alleges that MCCABE sent a "dunning letter" to Plaintiff "for the purpose of collecting monies for Association Fees purportedly owed by [Plaintiff] to Poinciana Villages Association." *Ibid.* at ¶ 8. Plaintiff claims the letter violates the FDCPA by "fail[ing] to properly inform the consumer as to the consumer's right for debt verification" under § 1692g. *Ibid.* at ¶ 24. The letter at issue is attached to the Complaint as Exhibit "A". *Ibid.* at ¶ 9.[1]

---

[1] Because the letter was attached to the Complaint as an exhibit, it is treated as part of the complaint for Rule 12(c) purposes. *See, Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997).

The relevant portion of the letter states:[2]

**Collection Notice**

Re: ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮
AP-14-321165

Dear Dana Chapman:

The purpose of this letter is to inform you that Association of Poinciana Villages, Inc. (the "Association") has authorized McCabe Law Group, P.A. for collection efforts. Effective immediately, any payments for any monetary obligation due to the Association must be sent to McCabe Law Group, P.A. at the following address:

McCabe Law Group, P.A.
111 Solana Road, Suite B
Ponte Vedra Beach, Florida 32082
mlg@flcalaw.com

Please indicate your Property Address, Association Name and Account Number with payment. Any payments sent to the Association will cause delay in posting to your account and may result in interest and late fees being automatically assessed to your account.

Sincerely,

McCabe Law Group, P.A.

NOTICE: Pursuant to 15 U.S.C.S. § 1 692(g)(a) the attorney above is attempting to collect a debt and any information obtained will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof, the attorney will assume the debt is valid. If you notify the attorney in writing within a thirty (30) day period that the debt, or any portion thereof, is disputed the attorney shall obtain written verification of the debt and mail the same to you. Finally, if you previously received a discharge in a bankruptcy, or you are in pending bankruptcy, involving the assessments and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. The firm is solely advising you of its intent to foreclose on behalf of the Association pursuant to said lien on the subject property, and a personal money judgment will not be sought against you.

Through the instant Motion, MCCABE seeks judgment as a matter of law with respect to Plaintiff's claim MCCABE's letter violates the FDCPA. After a review of the letter itself and the relevant law, it is clear that the letter was not a "dunning letter" and as such, does not fall under the purview of the FDCPA.

---

[2] The redacted portions of the letter relate solely to Plaintiff's address.

## II. Legal Standard.

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. Fed.R.Civ.P 12(h)(2) permits the defense of failure to state a claim upon which relief can be granted to be raised in a motion for judgment on the pleadings. For purposes of a Rule 12(c) motion for judgment on the pleadings, all well-pleaded allegations of the claim or counterclaim must be accepted as true.  Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).  All facts in the complaint must be accepted as true and viewed in a light most favorable to the nonmoving party. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009).

The standards of review for a motion for judgment on the pleadings under Fed.R.Civ.P 12(c) are the same as those for a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P 12(b)(6). *See, e.g., Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) *aff'd,* 719 F.3d 1245 (11th Cir. 2013); *Hawthorne,* 140 F.3d at 1370 (11th Cir.1998); *Slotnick v. Garfinkle,* 632 F.2d 163, 165 (1st Cir.1980); *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir.1979); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986). Under Rule 12(b)(6), the complaint must allege "'enough facts to state a claim for relief that is plausible on its face.'" *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Relevant Case Law Regarding Letters from Debt Collectors.

**The Eleventh Circuit distinguishes "dunning letters" from "informational letters" with only the former falling under the purview of the FDCPA.**

It is fair to say that in the Eleventh Circuit, courts have consistently held the FDCPA applies only to "dunning letters" defined as letters "generated to demand payment or otherwise collect upon a debt." *See, e.g. LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1189 n. 7 (11th Cir.2010). The Eleventh Circuit Court has correctly recognized that only "dunning letters" fall under the purview of the FDCPA. *See, Pinson v. Albertelli Law Partners LLC*, 618 Fed. Appx. 551 (11th Cir. 2015) (unpublished). As such, the Eleventh Circuit Court and other federal courts have consistently distinguished between letters that implicitly or explicitly demand payment and letters that are informational in nature, with only the former being subject to the constraints of the FDCPA.

Based on its prior precedent, in *Pinson* the Eleventh Circuit Court provided general guidelines courts should apply when reviewing letters like the one at issue in this case:

> when determining whether a communication is "in connection with the collection of any debt," courts should look to the language of the letters in question, specifically to statements that demand payment, discuss additional fees if payment is not tendered, and disclose that the law firm was attempting to collect a debt and was acting as a debt collector.

*Id.,* 618 Fed. Appx. at 553.

**Courts have consistently held that letters must demand payment in order to qualify as "dunning letters" subject to the FDCPA.**

Generally, courts finding that a letter falls within the ambit of the FDCPA rely on language in the letter declaring an amount due, demanding (implicitly or explicitly) payment, indicating an adverse consequence if payment is not timely made, and/or providing a means for payment of an amount owed. For example, in *Caceres v. McCalla Raymer, LLC*, the Court found the letter contained "an implicit demand for payment" and therefore was subject to the FDCPA. *Id.,* 755 F.3d 1299, 1303fn2 (11th Cir. 2014). In reaching its decision, the Court relied on the fact: "[t]he letter states the amount of the debt, describes payment by the debtor in certified funds, gives the phone number and address of the law firm to which payment is obviously contemplated, and expressly states that the letter is for the purpose of collecting a debt. *Id.*

In *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, the same Court found that defendant's letter, which was attached to a foreclosure complaint, demanding "full and immediate payment of all amount due" and threatening additional attorneys' fee "will be added to the total amount for which collection is sought" was "communication related to 'the collection of a debt' within the meaning of [the FDCPA]." *Id.*, 678 F.3d 1211, 1217 (11th Cir. 2012). To be fair, the Court also relied on FDCPA-mandated disclosures indicating the letter was an attempt to collect a debt and that the defendant was a debt collector attempting to collect a debt. *Id.*

In *Bourff v. Rubin Lublin, LLC*, the Court determined defendant's letter fell under the purview of the FDCPA as the letter "stated that Rubin Lublin had been retained to 'collect the loan,' stated in bold capital letters that it was 'an attempt to collect a debt,' and advised Bourff to contact Rubin Lublin to 'find out the total current amount needed to either bring your loan current or to pay off your loan in full.'" *Id.*, 674 F.3d 1238, 1240–41 (11th Cir. 2012).

**<u>Courts have consistently held informational letters that do not demand payment are not subject to the FDCPA.</u>**

This Court and others have determined that certain letters sent by debt collectors do not contain statements and/or implications necessary to bring them within the scope of the FDCPA. Along those lines, this Court has cited with approval precedent from the Sixth and Seventh Circuits that in order "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1357 (M.D. Fla. 2012), citing *Grden v. Leikin Ingber & Winters PC,* 643 F.3d 169, 173 (6th Cir.2011).

The Eleventh Circuit held in *Saint Vil v. Perimeter Mortg. Funding Corp.*, 630 Fed. Appx. 928, 931–32 (11th Cir. 2015) (unpublished), that a letter "providing notice of foreclosure" without a demand for payment was not subject to the constraints of the FDCPA. Importantly, the letter in *Saint Vil*, like MCCABE's letter to Plaintiff, "did not state a money amount, request payment, or explain how the debt could be settled." *Id.* The Court recognized the defendant's letters, like MCCABE's letters, contained FDCPA-mandated language. While the Court held the inclusion of these types of disclosure "can be one factor" in determining the applicability of the FDCPA, "… it does not end the inquiry." *Id.* Instead, the Court found more important for its purposes the fact the defendant had not "taken other action that could be interpreted as trying to induce payment of the debt, like threatening additional penalties or fees, hounding the Saint Vils for payment, proposing alternatives to immediate or full payment, or even just telling the Saint Vils the amount they needed to pay." *Id.*

The *Parker* case from this Court is also instructive. In that case, defendant sent a letter advising plaintiff defendant had purchased plaintiff's Capital One account and listed a current balance. *Id.*, 874 F. Supp. 2d 1353, 1354 (M.D. Fla. 2012). In reaching its conclusion that "the letter did not constitute communication in connection with the collection of a debt", this Court

relied on the fact the "letter did not demand payment or discuss specifics of the underlying debt." Instead, in the Court's opinion, "the letter was merely informational; it informed the plaintiff about the transfer of her debt." *Id.* 874 F. Supp. 2d at 1357. That is, "it informs Plaintiff that her account has been assigned to Defendant and includes the new account number and Defendant's contact information." *Id.,* 874 F. Supp. 2d at 1358.

In reaching its decision, the Court relied on several cases from other federal district courts, including *South v. Midwestern Audit Services, Inc*., 2010 WL 5088765, at *5–6 (E.D.Mich. Aug. 12, 2010) (even if the debt collector's ultimate goal in sending the transfer letter was to ensure the ultimate payment of the debt, nature of the letter was providing notification) and *Gillespie v. Chase Home Finance, LLC*, 2009 WL 4061428, at *5 (N.D.Ind. Nov. 20, 2009) (letters sent to mortgagees who were in default were informational letters because it did not "provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form.")

### **The inclusion of FDCPA-mandated language is not the deciding factor in determining whether a letter falls under the purview of the FDCPA.**

"[A] disclaimer identifying a communication as an attempt to collect a debt 'does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance.'" *Shelley v. Ocwen Loan Servicing, LLC*, 1:13-CV-506-RLY-DKL, 2013 WL 4584649, at *5 (S.D. Ind. Aug. 28, 2013), *citing, Gburek,* 614 F.3d at 386 n. 3 (citing *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 400 (6th Cir.1998)). As indicated above, the Eleventh Circuit has held the inclusion of FDCPA-mandated disclosures (e.g. "This is an attempt to collect a debt") can be *a* factor in determining whether the letter is subject to the FDCPA. *See, Cacerres* and *Reese*, *supra.* However, the Eleventh Circuit has also held the mere inclusion

of FDCPA-mandated disclosures is not determinative of FDCPA implication. *See, Fenello v. Bank of America, NA,* 577 Fed.Appx. 899, 902 (Aug. 12, 2014) (rejecting plaintiff's theory that defendant was "debt collector" based solely on inclusion of FDCPA-mandated language indicating as such in collection letter).

In *Bohringer v Bayview Loan Servicing, LLC*, the Southern District of Florida Court held that inclusion of the amount of the debt and "a disclaimer" that the letter was "an attempt to collect a debt" was "not enough" to bring the letter under the umbrella of the FDCPA. *Id.,* 141 F. Supp. 3d 1229, 1242 (S.D. Fla. 2015). The court found important to its analysis the fact the letter, "contains no description of how Plaintiffs can repay the amount owed; nor does it threaten any fees, costs, or other negative consequences if Plaintiffs fail to pay the amount owed." *Id.* In reaching its decision, the court found the FDCPA-mandated language "this is an attempt to collect a debt" relevant, but unable to "meaningfully shift the analysis" in light of the absence of the information as detailed, above. *Id.*

Likewise, in *Muller v. Midland Funding, LLC*, the same court held that the mere inclusion of FDCPA-mandated language "does not indicate that the underlying purpose for the 2013 Letter was to induce Plaintiff to make a payment, rather than to inform him of the new relationship stemming from the assignment of his debt." *Id.,* 14-CV-81117-KAM, 2015 WL 2412361, at *4–5 (S.D. Fla. May 20, 2015). In reaching its decision, the court relied, in part, on *Hart v. FCI Lender Servs., Inc.,* in which the court found the letter was informational only despite the fact it contained an all caps statement that "this is an attempt to collect upon a debt." *Id.,* No. 13–CV–6076 CJS, 2014 WL 198337, at *2 (W.D.N.Y. Jan. 15, 2014).

In *Shelley*, defendant purchased the plaintiffs' mortgage loan for the lender after plaintiffs filed a Chapter 13 bankruptcy. *Id.* 2013 WL 4584649, at *1. Defendant then sent a letter to

plaintiffs advising that the servicing of the loan was "transferring" to defendant and that payments should be made to defendant. *Id.* The letter listed the balance due, the loan rate and the due date for the next payment, but did not list an amount due. *Id.* The second page included the following notices:

> *Notice Regarding Debt Collection*: This is an attempt to collect a debt and any information obtained will be used for that purpose, provided if you have an active bankruptcy case or have received a discharge, the following Notice Regarding Bankruptcy applies.
>
> *Notice Regarding Bankruptcy*: If you are a debtor in an active bankruptcy case, this letter is not an attempt to collect either a pre-petition, post-petition, or discharged debt, and no action will be taken in willful violation of the Automatic Stay that may be in effect in your bankruptcy case.

*Id.* at *2.

In reviewing the letter, the court first found "the Notice Regarding Debt Collection on the second page of the Letter is not controlling." *Id.,* at *5. Instead, the court held the "most important[]" issue in its determination was the fact there could be no "demand" for payment in the absence of an indication of an amount owed, stating:

> At no point in the text of the Letter does Ocwen discuss payment options; rather, it only provides where future payments should be sent and how they will be processed. There is no mention of default, delinquency, or foreclosure. Even when viewing the Letter with all reasonable inferences in the Plaintiffs' favor, the court does not find that a demand for payment has been made here.

*Id.*, at *6.

The court did not find this single issue dispositive, however. Next, the court examined the relationship between the parties, finding:

> the parties did not have any relationship prior to the Letter. In fact, that is the very purpose of the letter—to alert Plaintiffs of Ocwen's new role in their mortgage. Based on Ocwen's description of its new relationship with Plaintiffs and explanation of how future

> transactions would transpire, it is not apparent that Ocwen is attempting to collect a debt; rather, Ocwen is introducing itself and providing information of how the relationship should be handled in the future, not about how the mortgage was handled in the past. Thus, this factor supports a conclusion that Ocwen's letter was not a communication in connection with the collection of any debt.

*Id.*

The court ultimately granted defendant's motion to dismiss, summarizing the bases for its finding as follows:

> On its face, it is clearly informational—it alerts Plaintiffs that their account has been transferred to Ocwen and provides Ocwen's contact information. The Letter did not demand a specific payment or discuss the delinquency of the underlying debt. Although it does include the principal amount of the loan and notes a prior date for payment due, a reasonable person would not believe the Letter was a debt collection demand when the terms of the payment are not even listed. This does not constitute the "abusive debt practices" the FDCPA was created to prevent. Indeed, if this communication were sufficient to fall under the FDCPA, then it would open the floodgates for litigation even more in an area of the law already susceptible to abuse.

*Id.*, at *7.

### IV.   MCCABE's letter is not a "dunning letter"; it is merely informational.

In the Complaint, Plaintiff alleges the letter is a "dunning letter." *See,* DE 1 at ¶ 8. As detailed above, the Eleventh Circuit has defined "dunning letter" as "a letter that is generated to demand payment or otherwise collect upon a debt." *See, LeBlanc,* 601 F.3d at 1189 n. 7. To be sure, MCCABE's letter does contain FDCPA-mandated language indicating MCCABE "is attempting to collect a debt."[3] However, the Eleventh Circuit has made clear the mere inclusion of FDCPA disclosures is only a factor to be considered in determining whether a letter falls under the purview of the FDCPA. In light of the Eleventh Circuit's decision in *Fenello*, it is fair

---

[3] § 1692e(11) requires dunning letters to disclose, *inter alia,* "that the debt collector is attempting to collect a debt."

to characterize the inclusion of FDCPA language is a minor factor to be considered in this instance.

As gleaned from the case law cited above, the following undeniable facts demonstrate the letter is not a "dunning letter" subject to the FDCPA:

- The letter does not indicate an amount due.
- The letter does not explicitly or implicitly demand payment.
- The letter does not indicate the manner of payment MCCABE would accept.
- The letter does not discuss an underlying debt.
- The letter does not discuss additional fees if payment is not tendered.
- The animating purpose of the letter was not to induce payment by the Plaintiff.
- The letter does not explain how a debt can be settled.
- MCCABE did not take other action that could be interpreted as trying to induce payment of the debt, like threatening additional penalties or fees, hounding the Plaintiff for payment, proposing alternatives to immediate or full payment, or even just telling Plaintiff the amount she needed to pay.
- The letter does not provide terms of payment or deadlines or threaten further collection proceedings.

Conversely, the following undeniable facts demonstrate the letter was merely informational, based on the case law cited above:

- No prior relationship existed between MCCABE and Plaintiff.
- The letter introduced MCCABE to the Plaintiff and alerted Plaintiff to MCCABE's role.

- The explicit "purpose of this letter is to inform [Plaintiff]" that monetary obligations owed to the Association were to be henceforth sent to MCCABE.
- The letter merely provides where future payments should be sent and how they will be processed.
- In the letter, MCCABE is introducing itself and providing information of how the payments should be made in the future, not about how payments were made handled in the past.

The ONLY factor that weighs in Plaintiff's favor is the inclusion of the FDCPA's "this is an attempt to collect a debt" disclaimer. The Eleventh Circuit Court has made clear that mere inclusion of that language is but *a* factor, not the *deciding* factor on the issue before this Court.

At the end of the day, perhaps the single most important factor demonstrating the letter was not a "dunning letter" is that the letter fails to even indicate an amount due. It is difficult, if not impossible, to understand how Plaintiff can contend the letter is a "dunning letter", i.e. "a letter that is generated to demand payment or otherwise collect upon a debt" in the absence of any indication of an amount due, much less a demand for payment of an amount due. Regardless, based on the contents of the letter itself and the case law cited above, the letter does not fall under the purview of the FDCPA. Therefore, the Complaint fails to state a cause of action and must be dismissed with prejudice.

**WHEREFORE**, Defendant, MCCABE LAW GROUP, P.A., respectfully requests an Order granting it judgment on the pleadings as a matter of law, dismissing the matter with prejudice, and entering judgment in favor of Defendant.

Respectfully submitted by:

/s/ Dale T. Golden
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Email: dgolden@gsgfirm.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
Dale T. Golden, Esquire
FBN:  0094080