**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANA CHAPMAN, an individual,

       Plaintiff,                             **Case No.:  3:17-cv-193**

v.

MCCABE LAW GROUP, P.A., a                    **CLASS ACTION**
Florida professional association,

       Defendant.
_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

COMES NOW, Defendant, MCCABE LAW GROUP, P.A. ("MCCABE"), by and through its undersigned counsel, and hereby moves for a stay of discovery in this putative class action pending resolution of Defendant's Motion for Judgment on the Pleadings (DE 13) and request for an expedited briefing schedule, and states the following in support thereof:

I.      **Factual Background Procedural History.**

Plaintiff brings this class action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1, generally. Plaintiff allegations are based solely on the contents of a letter MCCABE sent to Plaintiff. *Ibid.* at ¶ 8. Plaintiff claims the letter is a "dunning letter" sent "for the purpose of collecting monies for Association Fees purportedly owed by [Plaintiff] to Poinciana Villages Association." *Ibid.* The letter at issue is attached to the Complaint as Exhibit "A". *Ibid.* at ¶ 9.

On April 5, 2017, Plaintiff served paper discovery on MCCABE seeking, *inter* alia, "[a]ll documents showing the names and addresses of all persons who were sent communications in

the form or substantially similar for of the" and "the names and address of persons with addresses within Florida who were sent the [letter] in the form the same or substantially similar to the form represented by Exhibit 'A' attached to the Complaint within the one (1) year period immediately preceding the filing of the instant action to the date hereof." *See,* Exhibits 1 and 2.

Plaintiff also unilaterally scheduled MCCABE for deposition to occur on May 12, 2017, pursuant to FRCP 30(b)(6). *See,* Exhibit 3. The deposition topics include a request for testimony regarding "past complaints, accusations or grievances by any person that Defendant violated the FDCPA, irrespective of whether Defendant contends that any such past complaint, accusation or grievance was partially or wholly inaccurate", the "net worth of Defendant for the present year and each year since 2012", and "[a]ll facts related to the preparation of any financial statement of Defendant since 2012." *Ibid.*[1]

Defense counsel's preliminary review of Plaintiff's paper discovery requests and Plaintiff's Rule 30(b)(6) deposition has created a belief that many of the discovery requests are objectionable on several bases. Among the bases for objections are the fact that identities of putative class members are generally not subject to discovery under Rule 26, discovery regarding prior complaints has no relation to the merits of Plaintiff's claims against MCCABE, and discovery regarding MCCABE's net worth and prior financial statements is both over broad and premature. Hence, defense counsel anticipates litigating discovery disputes that arise out of both the paper discovery requests and the deposition notice served by Plaintiff.

In addition, MCCABE is a small law firm not a large corporation with scores of employees who could be corralled to collaborate on responses to Plaintiff's discovery. *See,*

---

[1] Defense counsel has requested the deposition date be changed due to a family issue of the deponent. Plaintiff's counsel has indicated he will try to accommodate the request.

Declaration of Michael J. McCabe attached hereto as Exhibit 4. Instead, MCCABE will suffer an interruption in its business if required to respond to Plaintiff's initial discovery requests. *Ibid.*

On April 18, 2017, MCCABE filed a Motion for Judgment on the Pleadings. *See,* DE 13. Through that Motion, MCCABE seeks judgment as a matter of law based on its contention its letter was not a "dunning letter" and as such, does not fall under the purview of the FDCPA. The resolution of the merits of the Plaintiff's individual and putative class claims presents a purely legal issue. Hence, the Court should stay discovery pending resolution of MCCABE's Motion for Judgment on the Pleadings.

**II.      Standard of Review.**

The Court has broad discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c); *See also, e.g., Pierre's Resort LC v. Interstate Management Co., Inc.*, 2009 WL 395788, *1 (M.D. Fla. 2009) ("An order staying discovery pending resolution of a dispositive motion is within the Court's discretion."); *Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d 1550, 1560 (11th Cir. 1985) ("magistrate has broad discretion to stay discovery pending decision on a dispositive motion."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla. 2003). ("courts have held [that] good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action'").

**III.     The Court should stay discovery pending resolution of MCCABE's dispositive motion.**

In *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997), the Eleventh Circuit ruled:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are

> presumed to be true. Therefore, neither the parties nor the court
> have any need for discovery before the court rules on the motion.

*Id.* 123 F.3d at 1367.

The Eleventh Circuit held that the discovery should have been stayed pending disposition of the motion at issue in *Chudsama* based on the significant burdens and expenses imposed by the discovery process: Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses.[2] Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Id.* at 1367-68.

Of course, these burdens are only heightened in class cases such as this case, as demonstrated by Plaintiff's discovery requests. Specifically, the discovery requests seek, *inter alia*, the names and addresses of all putative class members, documents demonstrating the names and addresses of all putative class members, and sensitive financial information of MCCABE. *See,* Exhibits 1 and 2. Plaintiff is also seeking similar information via a Rule 30(b)(6) deposition.

---

[2] Under the FDCPA, a prevailing plaintiff is entitled to recover reasonable attorneys' fees and costs from a losing defendant. As such, MCCABE would face exposure to payment of not only its attorneys' fees incurred in discovery, but Plaintiff's counsel's fees as well.

*See,* Exhibit 3. "[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Chudasama*, 123 F.3d 1353, 1368 (11th Cir. 1997). If this case were proceeding merely on an individual basis claiming the letter sent to Plaintiff violates the FDCPA, the scope of discovery would be dramatically different. However, Plaintiff has chosen to prosecute this matter as a class action, thereby significantly increasing the scope of discovery (as demonstrated by the discovery requests). Given that broad scope, discovery should be stayed pending resolution of MCCABE's dispositive motion. *See, NCC Bus. Services, Inc. v. Lemberg & Associates, LLC*, 3:13-CV-795-J-99MMH, 2013 WL 5428737, at *2 (M.D. Fla. Sept. 26, 2013) ("The purpose of a stay is to permit the Court to potentially resolve a matter without the need for discovery, which can spare the court and the litigants the myriad costs of discovery. Permitting one side to engage in discovery would not further this goal.")

The Eleventh Circuit repeated its belief that discovery should be stayed pending the resolution of dispositive motions in *Cotton v. Mass. Mut. Life Ins. Co*., 402 F. 3d 1267, 1292- 93 (11th Cir. 2005) and *Horsley v. Feldt*, 304 F. 3d 1125, 1131 n.2 (11th Cir. 2002); *see also In re Managed Care :Litigation*, 2001 WL 664391, at *2 (S.D. Fla. June 12, 2001) ("[t]his Court firmly abides by *Chudasama's* instructions that '[d]iscovery should follow the filing of a well pleaded complaint[,]' and that 'any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage'").

*Chudasama* is consistent with prior decisions from the Eleventh Circuit and with decisions of other circuits, including the former Fifth Circuit, granting the stay of broad-based merits discovery pending disposition of a potentially dispositive motion. For example, in *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990), the Eleventh Circuit held

that the trial court did not abuse its discretion in staying discovery pending the outcome of defendant's motion to dismiss or for summary judgment. Similarly, in *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976), the former Fifth Circuit upheld the trial court's determination that the plaintiff's general discovery should not go forward until the defendants' summary judgment motion could be resolved. *Id.* Further, in *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir. 1988), the Fifth Circuit again emphasized the benefits of limiting plaintiff's discovery "pending a decision on a dispositive motion." *Id.* Pursuant to this controlling case law, the Court need only "take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (*citing Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)).

In *McCabe*, the magistrate judge stayed discovery pending resolution of a motion to dismiss because "[a] preliminary peek at the motions to dismiss reveals Defendants have raised meritorious challenges to the legal sufficiency of the Verified Amended Complaint." Even though the ultimate question of whether the complaint could withstand the challenges was a matter for consideration by the district judge, the magistrate judge found that "under the framework of *Chudasama* and *Feldman*... Defendants have met their burden and have shown cause for entry of a protective order staying discovery until such time as the pending motions to dismiss are resolved." *Id.* at 687. The same is true here.

MCCABE's Motion for Judgment on the Pleadings is both meritorious and case dispositive. The Motion cites ample support for the distinctions between MCCABE's letter and traditional "dunning letters" this Court and others, including the Eleventh Circuit, have determined fall under the purview of the FDCPA. *See*, DE 13, *generally.* Via MCCABE's

Motion for Judgment on the Pleadings, the Court is being tasked with determining at the initial stage of the litigation whether the FDCPA applies to the letter at issue. Plaintiff needs no discovery in order to respond to MCCABE's Motion. A stay is proper if resolution of a pending dispositive motion might dispose of the case, but improper if discovery is necessary to respond to that motion. *Panola Land Buyers*, 762 F.2d at 1560. Therefore, the Court should stay discovery in this case until after the resolution of the Motion for Judgment on the Pleadings and should enter a protective order prohibiting the May 12, 2017 deposition of MCCABE's corporate representative from proceeding to prevent MCCABE from incurring the undue burden and expense of appearing at a deposition that may be unnecessary.

Finally, Plaintiff will suffer no prejudice by the granting of this motion. *See, Leigh v. Warner Brothers, Inc.*, 212 F.3d 1210, 1212 (11th Cir. 2000) (a party objecting to the grant of a stay must "show substantial harm to its case" from granting of the motion for protective order staying discovery) (*citing Carmical v. Bell Helicopter Textron Inc.*, 117 F.3d 490, 493 (11th Cir. 1997)). A short additional delay will cause no prejudice and certainly no "substantial harm" to Plaintiff. The letter attached to the Complaint is set in stone and will not change due to the passage of time. The information Plaintiff seeks in discovery will be as available once the Court determines the Motion for Judgment on the Pleadings as it is today.

Conversely, MCCABE will likely suffer significant business interruption should the discovery stay not be imposed. As detailed in the Declaration of Michael J. McCabe:

- MCCABE employs only six (6) attorneys;

- If MCCABE is required to respond to paper discovery served by Plaintiff, Attorney McCabe himself will personally be responsible for compiling information and

documents, along with one or more non-attorney staff members, responsive to Plaintiff's document and information requests.

- If the Rule 30(b)(6) deposition noticed by Plaintiff proceeds, Attorney McCabe will be MCCABE's witness. Given the areas of inquiry on which testimony has been requested, Attorney McCabe will be required to compile sensitive financial information and likely, meet with the firm's CPAs for a significant amount of time in order to be able to answer questions regarding the MCCABE's finances.

If required to respond to Plaintiff's served discovery, Attorney McCabe will be required to divert significant hours from his practice to respond to discovery in this case.

## IV.    Conclusion.

For the foregoing reasons, Atlas respectfully requests that the Court stay discovery and enter an order protecting Atlas from depositions in this case pending resolution of the Motion to Dismiss.

## V.    Request for Expedited Briefing Schedule.

Absent an extension, MCCABE's responses to Plaintiff's paper discovery are due no later than May 5, 2017. As indicated above, Plaintiff has scheduled MCCABE for a Rule 30(b)(6) deposition on Mary 12, 2017. MCCABE therefore requests the Court set an expedited briefing schedule with respect to the instant Motion so that the Court can determine the merits of the Motion as soon as practical.

**WHEREFORE,** Defendant MCCABE LAW GROUP, P.A., respectfully requests this Court to enter an Order staying discovery in this case pending resolution of MCCABE's Motion for Judgment on the Pleadings and for any such other relief as this court deems just and proper.

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that her office has conferred with Robert Murphy, attorney for Plaintiff, who indicated that he opposes the foregoing Motion.

Respectfully submitted by:

/s/ Dale T. Golden
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Email: dgolden@gsgfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
Dale T. Golden, Esquire
FBN:  0094080