IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:17-cv-193-J-25JBT

**DANA CHAPMAN**, an individual,

        Plaintiff,

vs.                                 **CLASS ACTION**

**McCABE LAW GROUP, P.A.**,
a Florida professional association,

        Defendant.
_____/

### AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM

To:    McCABE LAW GROUP, P.A.
       c/o Dale T. Golden, Esquire
       Golden Scaz Gagain, PLLC
       201 North Armenia Avenue
       Tampa, Florida 33609

PLEASE TAKE NOTICE that on **Friday, May 12, 2017 at 10:30 a.m.,** counsel for Plaintiff, Dana Chapman, will take the deposition of Defendant, McCabe Law Group, P.A., a Florida professional association ("Debt Collector" or "Defendant"), at 345 East Forsyth Street, Jacksonville, Florida 32202, upon oral examination pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, before Hedquist & Associates Reporters, Inc., court reporters duly authorized by law to take depositions. Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, the Defendant is required to designate one or more officers, directors, managing agents or other persons consenting to testify who are designated to do so concerning the following:

    1.     All facts and issues raised by the pleadings herein.

2. All facts related to the preparation and transmission of that certain correspondence dated August 17, 2016 from Defendant to Plaintiff, a copy of which is attached to the Complaint as Exhibit "A" ("Collection Communication").

3. All facts related to the involvement of any attorney in the preparation and transmission of the Collection Communication.

4. All facts and contentions pertaining to the compliance of the Defendant with the requirements of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA") with respect to the preparation and transmission of the Collection Communication.

5. The approximate number of persons who were sent a communication in the form or substantially similar form of the Collection Communication during the time period from February 22, 2016, through the date of the deposition ("Relevant Time Period") for addresses:

    A. in the United States;

    B. in the State of Florida;

    C. in the jurisdiction of the Middle District of Florida;

    D. in Polk County, Florida; and

    E. in Poinciana, Florida.

6. All facts related to the identity of consumers who were sent a written communication in the same or substantially similar form of the Collection Communication during the Relevant Time Period with addresses:

    A. in the United States;

    B. in the State of Florida;

   C. in the jurisdiction of the Middle District of Florida;

   D. in Polk County, Florida; and

   E. in Poinciana, Florida.

 7. All documents and information received by Defendant from any source which Defendant relied upon in the preparation and transmission of the Collection Communication to Plaintiff.

 8. All documents produced by Defendant in response to any discovery request in the instant proceeding.

 9. All facts related to the initial drafting of any template in the same or substantially similar form of the Collection Communication and any subsequent revisions thereto.

 10. All facts and contentions of Defendant with respect to the frequency and persistence of violations of the FDCPA by Defendant during the four (4) year period preceding the filing of the instant action, including past complaints, accusations or grievances by any person that Defendant violated the FDCPA, irrespective of whether Defendant contends that any such past complaint, accusation or grievance was partially or wholly inaccurate.

 11. The net worth of Defendant for the present year and each year since 2012.

 12. All facts related to the preparation of any financial statement of Defendant since 2012.

 At said time and place, Defendant is required to produce the documents listed in Exhibit "A" attached hereto.

 This deposition is being taken for purposes of discovery and/or for use a trial.

/s/ *Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rwmurphy@lawfirmmurphy.com;
rphyu@aol.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished by email on April 6, 2017 to Dale T. Golden, Esquire, Golden Scaz Gagain, PLLC, 201 North Armenia Avenue, Tampa, Florida 33609, email: dgolden@gsgfirm.com, counsel for Defendant.

/s/ *Robert W. Murphy*
Attorney

**EXHIBIT "A"**

YOU ARE HEREBY COMMANDED TO BRING WITH YOU AND PRODUCE FOR INSPECTION AND/OR PHOTOCOPYING THE FOLLOWING:

1. An example of each form communication sent to consumers used by Defendant in attempting to collect consumer debts during the Relevant Time Period.

2. All agreements between the Debt Collector and the Creditor regarding the attempt to collect the debt from Plaintiff.

3. All documents showing the names and addresses of all persons who were sent communications in the same or substantially similar form as the Collection Communication during the Relevant Time Period.

4. All documents demonstrating the number of consumers within Florida who were sent communications in the same or substantially similar form as the Collection Communication during the Relevant Time Period.

5. All documents demonstrating the number of consumers within the Middle District of Florida who were sent communications in the same or substantially similar form as the Collection Communication during the Relevant Time Period.

6. All documents demonstrating the number of consumers within Polk County, Florida who were sent communications in the same or substantially similar form as the Collection Communication during the Relevant Time Period.

7. All documents demonstrating the number of consumers within Poinciana, Florida who were sent communications in the same or substantially similar form as the Collection Communication during the Relevant Time Period.

8. All manuals, instructions, guidelines and other documents setting forth policies

and procedures to be used by employees of Defendant with respect to the collection of consumer debts.

9. All documents relating to the approval by the Defendant of the use of the Collection Communication in the form of Exhibit "A" to the Complaint filed herein.

10. All documents, including without limitation, computer records, which refer to or relate to Plaintiff or are retrievable under any number assigned to Plaintiff by Defendant.

11. All financial statements or other evidence of net worth of the Debt Collector since 2012.