**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 3:17-cv-193-J-25JBT**

**DANA CHAPMAN**, an individual,

        Plaintiff,

vs.                                                **CLASS ACTION**

**McCABE LAW GROUP, P.A.**,
a Florida professional association,

        Defendant.
_____/

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Dana Chapman, an individual ("Ms. Chapman"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, pursuant to Rule 3.0, Local Rules of the United States District Court, Middle District of Florida, files this her Memorandum of Law in Opposition to the Motion for Judgment on the Pleadings [DE 13], filed herein by Defendant, McCabe Law Group, P.A, a Florida professional association ("McCabe Law" or "Collection Law Firm"):

**I.  INTRODUCTION**

*A.  SYNOPSIS OF LITIGATION*

*1. Review of Complaint.*

In the instant action, Ms. Chapman brought a claim against McCabe Law seeking the recovery of statutory damages under 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices. In particular, Ms. Chapman has alleged that McCabe Law failed to provide Ms. Chapman with a written notice providing Ms. Chapman as a consumer with a so-called "validation notice" mandated under 15 U.S.C. §1692g(a) [DE-1; Complaint ¶¶23-24]. According to the allegations of the Complaint, on or about August 17, 2016, McCabe Law sent Ms. Chapman written correspondence known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Association Fees purportedly owed by Ms. Chapman to her condominium association, "Poinciana Villages Association" ("Association") ("8/17/16 Letter") [DE 1; Complaint ¶8]. A copy of the 8/17/16 Letter is attached to the Complaint as Exhibit "A" and was set forth in its entirety in the Motion for Judgment on the Pleadings filed by McCabe Law [Motion for Judgment on the Pleadings – p. 2].

The 8/17/16 Letter was entitled "Collection Notice." Further, McCabe Law advised Ms. Chapman that the Association "has authorized McCabe Law Group, P.A. for collection efforts." The 8/17/16 Letter also instructed Ms. Chapman to send payment of the debt owed to the Association directly to McCabe Law. Lastly, the bottom of the 8/17/16 Letter provided a disclosure that the communication was from a "debt collector" and that the McCabe Law intended to foreclose on a unspecified lien presumably on the house of Ms. Chapman.

### 2. *Overview of Motion for Judgment on the Pleadings*

On March 21, 2017, McCabe Law filed its Answer and Affirmative Defenses [DE 6]. With respect to the allegations by Ms. Chapman that McCabe Law was a debt

collector, McCabe Law answered that McCabe Law was "without knowledge" with respect to whether McCabe Law was engaged in the collection of debts from consumers, including Ms. Chapman [Answer to Complaint ¶¶5,6,7 and 22].

On April 18, 2017, McCabe Law filed its Motion for Judgment on the Pleadings [DE 13]. The crux of the argument advanced by McCabe Law is that the 8/17/16 Letter was not a "dunning letter" but rather an "informational letter" which was not subject to the requirements of the FDCPA. As will be more fully argued below, the position of McCabe Law that the 8/17/16 Letter was "informational" is without legal authority and contradicts the plain language of the letter itself. Indeed, the argument of McCabe Law that it was not acting as a "debt collector" in transmitting the 8/17/16 Letter is contrary to the compelling force of reason.

### B.  SCOPE AND PURPOSE OF FDCPA

The FDCPA was enacted to protect consumers from and to eliminate "abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The FDCPA also protects law abiding debt collectors who refrain from using abusive debt collection practices from being competitively disadvantaged. *Id.* The FDCPA was enacted by Congress after finding "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," 15 U.S.C. §1692(a). Moreover, Congress found that "[a]busive debt collection practices contribute to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*

The FDCPA enumerates general standards of proscribed conduct, defines and restricts abusive collection acts as detailed in the Act, and provides for specific disclosure rights for consumers. Such consumer rights include the requirement that debt collectors provide a so-called "validation notice," which discloses the amount of debt, the name of the creditor, a statement that the validity of the debt will be assumed unless disputed by the consumer within thirty (30) days from receipt of the notice, and an obligation to verify the debt, including the disclosure of the name and address of the original creditor, if the consumer so requests. 15 U.S.C. §1692g; *see, Russell v. Equifax*, 74 F.3d 30, 34 (2d Cir. 1996); *Bleich v. Revenue Maximization Group*, 233 F.Supp.2d 496 (E.D. N.Y. 2002). In addition to consumer disclosure rights, 15 U.S.C. §1693 provides for a broad proscription against "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or information concerning a consumer." 15 U.S.C. §1693e(10).

### C. FDCPA AS A STRICT LIABILITY STATUTE

The FDCPA is a strict liability statute. As such, there are no unimportant or non-actionable violations. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993); *Taylor v. Perrin, Landry, de Launay & Durand*, 103 F.3d 1232 (5th Cir. 1997). Further, the FDCPA, as with all consumer statutes, is afforded broad and liberal interpretation in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 831 F.Supp. 941, 944 (D. Conn. 1993); *cf., Rodash v. AIB Mortgage Company*, 16 F.3d 1142, 1144 (11th Cir. 1994) abrogated on other grounds by

4

*Veale v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir. 1996); *Schroder v. Suburban Coastal Corporation*, 729 F.2d 1371, 1380 (11th Cir. 1984).

### D. APPLICATION OF THE "LEAST SOPHISTICATED CONSUMER" STANDARD

The United States Court of Appeals for the Eleventh Circuit established the standard by which most violations of the FDCPA are analyzed, i.e., whether the communication by the debt collector would mislead the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985). Under the governing standard, a court need not determine whether the named plaintiff or other putative plaintiffs were misled or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled. *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 667 (M.D. Fla. 1999). The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, "the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993). The actions of D&S as alleged in the Complaint herein must be evaluated from the standpoint of the least sophisticated consumer.

### II. STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* In determining whether a party is entitled to judgment on the pleadings, the Court is required to accept as true all material facts alleged in the non-party's pleading, and the Court must view those facts in a light most favorable to the non-moving party. *See,*

5

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If the comparison of the averments in the competing pleadings reveal a material dispute of the fact, judgment on the pleadings must be denied. *See, Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956); *see* also, *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329 (11th Circ. 2014).

### III.  LEGAL AUTHORITY

#### A.  ON ITS FACE, THE 8/17/16 LETTER FROM McCABE LAW TO PLAINTIFF CONSTITUTES A "COMMUNICATION" IN THE FURTHERANCE OF THE COLLECTION OF A DEBT AND THEREFORE IS SUBJECT TO THE REQUIREMENTS OF THE FDCPA

In its Motion for Judgment on the Pleadings, McCabe Law correctly states the FDCPA does not apply to every communication between the debt collector and debtor. "[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Parker v. Midland Credit Management, Inc.*, 874 F.Supp.2d 1353, 1357 (M.D. Fla. 2012), quoting *Grden v. Leikin, Ingber & Winters, P.C.*, 643 F.3d 169, 173 (6th Cir. 2011). As stated by Judge Moody of this District, "obviously communications that expressly demand payment will almost certainly have this purpose." *Id.* quoting *Grden*, 643 F.3d at 173. Further, an "implicit demand for payment may exist where the letter states the amount of the debt, describes how the debt may be paid, provides the phone number and address to send payment, and expressly states that the letter is for the purpose of collecting a debt." *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, 159 F.Supp.3d 1294, 1303 (M.D. Fla. 2016), quoting *Pinson v. Albertelli Law Partners, LLC*, 618 Fed. Appx. 551, 553 (11th Cir.2015). "On the opposite end of the spectrum, where communication is 'merely informational' and explicitly informs the debtor that the communication or notice is not

6

an attempt to collect a debt or a demand for payment, courts have held that these communications are not subject to the FDCPA." *Prindle v. Carrington Mort. Servs., LLC*, 2016 WL 4369424, at *6 (M.D. Fla. August 16, 2016) (citing *Hasbun v. Recontrust Co.*, 508 Fed. Appx. 941, 942 (11th Cir. 2013); *Hernandez v. Dyck-O'Neal, Inc.*, 215 WL 2094263 at *3 (M.D. Fla. May 5, 2015); *Parker*, 874 F.Supp.2d at 1358; *Sellers v. Rushmore Loan Management Services, LLC,* 2017 WL 1683613 (M.D. Fla. May 3, 2017).

In *Sellers*, a borrower who had received a Chapter 7 bankruptcy discharge received collection communications from a mortgage loan servicer which had acquired the mortgage after the bankruptcy discharge. Unlike the collection letter in the instant case, the mortgage servicer informed the borrower that the statement was "not an attempt to collect a debt." Id. at *2-3.  After receiving the various communications from the loan servicer, the homeowner filed a class action asserting *inter alia* that the communication from the mortgage servicer violated the FDCPA with respect to the servicer's attempt to collect a debt which it had no legal right to collect as a result of the bankruptcy discharge *Id.* at *3.

In its motion for summary judgment, the mortgage servicer argued the various communications after the bankruptcy discharge were "for informational purposes" and thus were not actionable under the FDCPA. In denying summary judgment, Judge Corrigan of this Court held:

> As the Eleventh Circuit has not identified a specific test for determining whether a particular communication is made in connection with the collection of a debt such that it falls within the ambit of the FDCPA, many courts in this Circuit look to out-of-circuit decisions for guidance. *See,*

> *Prindle,* 2016 WL 4369424, at *6 (citing *Parker*, 874 F. Supp. 2d at 1356). For instance, the Sixth and Seventh Circuits have identified "the relationship of the parties, the intent of the communication, as well as whether there was a demand for payment as factors to consider when determining whether a communication falls within the scope of the FDCPA." *Parker,* 874 F. Supp. 2d at 1356-57. "Other factors courts have considered include whether the communication was sent in response to an inquiry or request by the debtor; whether it was from a debt collector; whether it stated that it was an attempt to collect a debt; and whether the communication threatened consequences if the debtor failed to pay." *Prindle,* 2016 WL 4369424, at *6 (citing *Bohringer v. Bayview Loan Servicing,* 141 F. Supp. 3d 1229, 1240-41 (S. D. Fla. 2015).
> 
> *Id.* at *6

In denying the motion for summary judgment, the Court in *Sellers* recognized that in terms of the relationship of the servicer to the borrower, it was clear that the servicer was "indisputably a debt collector." *Id.*. Further, as the mortgage statements contained instructions for payment, the Court found that a reasonable jury could find it to be a communication made in connection with the collection of a debt. *Id.* at *7-8.

In the instant case, unlike *Sellers,* there is not a factual issue that the 8/17/16 Letter from McCabe Law is a collection letter. To begin with, the letter has in boldface print and at dead center the words: "**Collection Notice**." The 8/17/16 Letter also states the "Association of Poinciana Villages, Inc." (the 'Association') has authorized McCabe Law Group, P.A. (sic) for collection efforts." The letter instructs the recipient to send payment directly to McCabe Law. Lastly, McCabe Law even acknowledged it was a debt collector in its incomplete and defective disclosure of the so-called FDCPA validation rights at the bottom of the letter.

A consumer receiving the 8/17/16 Letter would not view the letter as being merely informational but rather an effort on the part of McCabe Law to induce payment. This

position is especially compelling as a letter from an attorney such a McCabe Law implies that the debt will be placed into litigation. This is much different from the "informational" notices like periodic account statements and debt transfer notices referenced by McCabe Law in its Motion.

From the standpoint of the least sophisticated consumer, the 8/17/16 Letter was for the purpose of collecting unpaid association fees.

### B. PURSUANT TO ELEVENTH CIRCUIT AUTHORITY, THE DISCLOSURE BY McCABE LAW THAT McCABE LAW INTENDED TO FORECLOSE ON THE CHAPMAN RESIDENCE SUBJECTS McCABE LAW TO ALL REQUIREMENTS OF THE FDCPA, INCLUDING PROVIDING A DISCLOSURE OF THE "AMOUNT OF DEBT" MANDATED BY 15 U.S.C. §1692g(a)(1)

In its Motion for Judgment on the Pleadings, McCabe Law goes to great lengths to present the 8/17/16 Letter as being "informational" and not for the purpose of collecting a debt from Ms. Chapman. Indeed, McCabe Law went so far as to state:

> MCCABE did not take other action that could be interpreted as trying to induce payment of the debt, like threatening additional penalties or fees, hounding the Plaintiff for payment, proposing alternatives to immediate or full payment, or even just telling Plaintiff the amount she needed to pay.

[Motion for Judgment on the Pleadings – p. 11].

Contrary to the assertion by McCabe Law, McCabe Law also informed Ms. Chapman of the serious consequences facing Ms. Chapman if she failed to pay:

> The firm is solely advising of the intent to foreclosure on behalf of the Association pursuant to said lien on such a property, and a personal money judgment will not be sought against you.

[Complaint – Exhibit "A"].

From the perceptive of the least sophisticated consumer, the 8/17/16 Letter was for inducing payment of the debt under the threat that McCabe Law would foreclose on Ms. Chapman's residence.

In the seminal decision of *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211 (11th Cir. 2012), the Eleventh Circuit held that a foreclosure law firm was a "debt collector" under the FDCPA when it demanded payment of the balance of the note secured by a "security deed" and repeatedly stated that it was a debt collector. The Court initiated its analysis by recognizing the difference between a promissory note and security interest. *Id.* at 1216.

> On the distinction, the Court stated:
>
> A promissory note is a contract evidencing a debt and specifying terms under which one party will pay money to another. *See Black's Law Dictionary* 1089 (8th Ed. 2004) (defining "promissory note" as an "unconditional" written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person"); *see also* Ga. Code. Ann. § 11-9-102(a)(64) ("Promissory note" means an instrument that evidences a promise to pay a monetary obligation ...."). By contrast, a security interest is not a promise to pay a debt; it is an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation. *See Black's Law Dictionary* 1384 (8th ed. 2004) (defining a "security" as "[c]ollateral given or pledged to guarantee the fulfillment of an obligation"). A mortgage is a type of security interest with real property as the collateral. *See Black's Law Dictionary* 1031 (8th ed. 2004); *see also* Ga.Code Ann. §44-14-30 ("A mortgage in this state is only security for a debt and passes no title.").
>
> *Id.* at 1216.

The Court recognized that whether the obligation of the homeowner to pay off a promissory note was a "debt" does not end the inquiry. Rather, as the Court framed it, the pertinent question "was whether the Ellis law firm's letter and enclosed documents are an

attempt to 'collect' a debt within the meaning of the FDCPA." *Id.* at 1217. In reviewing the communication by the Ellis law firm, the Court took note of the fact that the Ellis law firm had demanded "full immediate payment of all amounts due." Similar to McCabe Law in the instant case, the Ellis law firm also provided the statutorily mandated disclosures under 15 U.S.C. §1692e(11) when it stated *inter alia*: "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND ATTEMPTING TO COLLECT A DEBT." *Id.*

In an attempt to avoid liability under the FDCPA, the Ellis law firm argued in part that the subject communications were not debt collection activity because the Ellis law firm intended merely to inform the property owner that the Ellis law firm- like McCabe Law here- intended to foreclose a security deed in a non-judicial foreclosure. *Id.* The Eleventh Circuit cast the argument of the Ellis law firm as follows:

> In other words, we should ignore the language in the letter and documents that demands payment on the promissory note in favor of what the firm says was the purpose (of the firm or of the letter and documents it sent, or both). If we will do that, the firm argues, we will see that the letter and documents were not an attempt to collect a debt within the meaning of §1692e but merely an attempt to enforce a security interest.

*Id.*

The Eleventh Circuit rejected the Ellis law firm's position because it "wrongly assumes that a communication cannot have dual purposes." *Id.* In its holding, the Court stated in a pointed manner:

> The rule the Ellis law firm asks us to adopt would exempt from the provisions of §1692e any communication that attempts to enforce a security interest regardless of whether it also attempts to collect the underlying debt. **That rule would create a loophole in the FDCPA. A big one.** In every case involving a secured debt, the proposed rule would

11

> allow the party demanding payment on the underlying debt to dodge the dictates of §1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't.

*Id.* at 1217 – 1218
(emphasis added by Plaintiff).

As reflected above, the Eleventh Circuit emphatically recognized that a collection law firm such as McCabe Law could evade all requirements of the FDCPA by simply omitting the validation notice under 15 U.S.C. §1692g through an argument that a mortgage or other lien secured the underlying debt.  In the instant case, it is clear that the 8/17/16 Letter had the principal purpose of compelling Ms. Chapman to pay the debt purported owed to the Association.

McCabe Law attempts to use the proverbial "loophole" that the Eleventh Circuit was concerned about in the *Reese* opinion.  McCabe Law would go even further, as it incredulously argues that because it did not state the "amount of debt"- which is the violation the basis of the instant lawsuit – that is somehow exempted from the FDCPA. (Motion for Judgment on the Pleadings- p. 11). Ms. Chapman speculates that the reason the "amount of debt" was not included in the letter in the first place is because either McCabe Law did not want to spend the time or did not have the ability to confirm the "amount of debt" with Association at the time of the transmittal of the letter. See, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLC*, 214 F. 3rd 872 (7th Cir. 2000) [full current amount of debt must be disclosed as part of the verification process]. In short, the position of McCabe Law is reasonably calculated to erode the consumer

protections created by Congress in enacting the FDCPA and cannot be condoned by this Court.

## IV. CONCLUSION

WHEREFORE, Plaintiff, Dana Chapman, an individual, on behalf of herself and all others similarly situated, respectfully requests this Court deny the Motion for Judgment on the Pleadings and direct such other and further relief as justice may require.

/s/ *Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by email on May 15, 2017 to Dale T. Golden, Esquire, Golden Scaz Gagain, PLLC, 201 North Armenia Avenue, Tampa, Florida 33609, email: dgolden@gsgfirm.com, counsel for Defendant.

/s/ *Robert W. Murphy*
Attorney