UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DANA CHAPMAN**,
an individual,

    Plaintiff,

vs.                                                            Case No.: **3:17-cv-193-J-25JBT**

**MCCABE LAW GROUP, P.A.**,
a Florida professional association,

    Defendant.

_____/

**PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT**

    This matter comes before the Court on the joint request (the "Joint Motion") of Dana Chapman ("Ms. Chapman"), and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant, McCabe Law Group, P.A., a Florida professional association ("McCabe Law Group"), for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated September 27, 2017. The Court has reviewed the Agreement and the exhibits attached to the Joint Motion, and, good cause appearing,

    IT IS HEREBY **ORDERED** AS FOLLOWS:

1. **Definitions.** For the purposes of this Order, the Court adopts by reference the definitions set forth in the Agreement ("the Agreement").

2. **Preliminary Approval.** The Court preliminarily approves the Settlement of the Action set forth in the Agreement as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: 1) based on Defendant's representation of its net worth, the settlement of this case for a *pro rata* share of a Class Fund recovery of $13,000.00 to each Class Member who does not exclude himself or herself from the Class, constitutes the maximum available statutory damages recovery to a class under the Fair Debt Collection Practices Act, and is therefore fair and reasonable; 2) separate payment to the Class Representative, Dana Chapman, of $3,500.00 is fair and reasonable; 3) payment of administration costs by McCabe Law Group; and 4) a separate payment to Settlement Class Counsel of fees and litigation expenses, including costs, in the sum of $23,000.00, as agreed to by the Parties, which is not taken from any recovery to the Class, is fair and reasonable for the services provided by Class Counsel in this case and continuing until all questions of the Class have been answered and a Final Approval Order is entered.

To the extent that there are any funds from un-cashed, expired settlement checks, an amount equal to the amount of such uncashed checks

2

will be paid over to Class Counsel for distribution as a *cy pres* award to Florida Justice Technology Center.

If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

The following class is hereby certified for settlement purposes:

> All persons (i) to whom letters ("Collection Letter") in the same or substantially similar form as Exhibit "A" to the Complaint were sent (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or Defendant, was incurred for personal, family or household purposes, (iii) which were not returned undelivered by the U.S. Post Office (iv) during the one year period prior to the filing of the Complaint in this action to the date hereof through the date of preliminary approval by the Court of this settlement.

3. **Fairness Hearing.** A Fairness Hearing will be held on September 20, 2018, at 1:00 p.m. at which the Court will finally determine whether the Settlement of the Action, should be finally approved as fair, reasonable, and adequate and whether the Final Order of Dismissal with Prejudice (the "Final Order") should be entered. The Court may adjourn or continue the Fairness Hearing without further notice to the Class.

4. **Form and Content of Notice.** The Court approves, as to form and content, for distribution to potential members of the Class the Notice in the form attached as Exhibit "D" to the Joint Motion for Preliminary Approval.

5. **Mailed Notice**. No later than 14 days after the date upon which the Court enters the Preliminary Approval Order, McCabe Law Group's counsel must provide Class Counsel and the Settlement Administrator with the class list in computerized form usable without manual reentry. No later than thirty (30) days after the date upon which the Court enters the Preliminary Approval Order, the Settlement Administrator shall mail the Notice (Exhibit "D" to the Settlement Agreement) by first class mail to Class Members to their last known address provided in McCabe Law Group's records. The Settlement Administrator shall have filed with the Court and served upon Class Counsel no later than five (5) business days before the Fairness Hearing an affidavit or declaration stating that the mailings have

been completed in accordance with the terms of this Preliminary Approval Order.

6. **Best Practicable Notice.** The Court finds that the mailing of the Notice by regular first class mail to all Class Members at their last known address in McCabe Law Group's records constitutes valid, due and sufficient notice to the Class Members, and constitutes the best notice practicable under the circumstances and complies fully with Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law. No further notice to the Class Members is required.

7. **Requests for Exclusion.** Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN CHAPMAN v. MCCABE LAW GROUP." The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an

authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to McCabe Law Group's Counsel and to Class Counsel no later than five (5) business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

8. **Objections.** Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Person files with the Court and delivers to designated Class Counsel and McCabe Law Group's Counsel a written notice of objection no later than fourteen (14) days before the Fairness Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than fifteen (15) pages with the Clerk of the Court and deliver same to Class Counsel and McCabe Law Group's Counsel. Class Counsel and McCabe Law Group's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than fifteen (15) pages filed and served no later than five (5) business days prior to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders

otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorney's Fees to Class Counsel, unless otherwise ordered by the Court.

9. **Defendant's Denial of Liability.** The Court notes that McCabe Law Group denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, McCabe Law Group considers it desirable that the Action be dismissed and that the claims against McCabe Law Group be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against McCabe Law Group arising from the acts, transactions, or occurrences alleged in the Action.

10. **Injunction.** The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against McCabe Law Group for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

11. **Extension of Deadlines.** The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

12. **Deadline for Opt-Outs.** To be legally effective, all requests for exclusion described in paragraph 7, above, must be sent by the Class Member postmarked on or before May 21, 2018.

13. **Deadline for Objections.** Class Member Objections, as described in paragraph 8 above, must be delivered to Class Counsel and McCabe Law Group's Counsel and filed with the Court, as directed in the Notice, on or before September 6, 2018. Objections not filed and served in a timely manner shall be deemed waived.

**DONE AND ORDERED** this 6th day of March, 2018.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record